## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CATHY REECE,<br>on behalf of herself and<br>all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED HOME CARE OF<br>NORTH ATLANTA, INC.,<br>UNITED HOME CARE, INC., and<br>UHS-PRUITT CORPORATION a/k/a<br>PRUITT CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.

*Collective Action –*
*pursuant to 29 U.S.C. § 216 (b)*

## COMPLAINT

### *Nature of the Claim*

PLAINTIFF CATHY REECE ("PLAINTIFF"), for herself and on behalf of others similarly situated who consent to representation, asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, prejudgment and postjudgment interest, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

### *Jurisdiction and Venue*

1.  This Court has subject-matter jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws

of the United States, 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce, and 29 U.S.C. § 216(b) because this action arises under the FLSA.

2.      Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### ***The Parties***

3.      PLAINTIFF is a former employee of DEFENDANTS UNITED HOME CARE OF NORTH ATLANTA, INC., UNITED HOME CARE, INC., and UHS-PRUITT CORPORATION (collectively "DEFENDANTS"), for whom she worked from on or about October 2010 to on or about October 2011.

4.      UHS-PRUITT CORPORATION is also known as "PRUITT CORPORATION" or "UHS-PRUITT."

5.      At all relevant times PLAINTIFF was a resident of Polk County in the state of Georgia.

6.      At all relevant times, PLAINTIFF was employed in DEFENDANTS' location in Austell, Georgia.

7.      During PLAINTIFF'S employment with DEFENDANTS, she was employed initially as a team assistant, and later employed as a home health care licensed practical nurse (hereinafter "licensed practical nurse").

8.     Throughout PLAINTIFF'S employment with DEFENDANTS, she was denied proper overtime compensation required by federal law.

9.     At all relevant times, DEFENDANTS were corporations doing business within this judicial district, and are subject to the jurisdiction of this Court.

## *The Class*

10.     PLAINTIFF brings this case as a collective action pursuant to the collective-action provision of 29 U.S.C. § 216(b) for all Class Members within the Class described below in ¶ 11.

11.     The Class whom PLAINTIFF represents is defined as:

> All home health care licensed practical nurses employed by DEFENDANTS UNITED HOME CARE OF NORTH ATLANTA, INC., UNITED HOME CARE, INC., or UHS-PRUITT CORPORATION at any location, during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who were not paid proper overtime compensation required by federal law.

12.     PLAINTIFF consents to participate in this collective action.  Her consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).  The consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

### *Grounds for this Action*

13.     At all relevant times, DEFENDANTS have operated a home health care business providing home health care services to patients in the southeastern United States, including Georgia, South Carolina, and North Carolina.

14.     At all relevant times, each of the DEFENDANTS was an "employer" within the meaning of 29 U.S.C. § 203(d).

15.     At all relevant times, each of the DEFENDANTS was not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq.*

16.     At all relevant times, PLAINTIFF and the Class Members were employed by each of the DEFENDANTS as employees, and therefore PLAINTIFF and the Class Members were employees within the meaning of 29 U.S.C. § 203(e)(1).

17.     At all relevant times, each of the DEFENDANTS employed PLAINTIFF and the Class Members as employees and therefore each DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d) and not exempt under the FLSA.

18.     At all relevant times, each of the DEFENDANTS had an annual gross volume of sales made that was more than $500,000.  At all relevant times, each of the DEFENDANTS had employees engaged in commerce.  At

4

all relevant times, because each DEFENDANT had an annual gross volume of sales made that was more than $500,000 and had employees engaged in commerce, each DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

19.    At all relevant times, PLAINTIFF and the Class Members were employees engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the 29 U.S.C. § 207(a).

20.    At all relevant times, DEFENDANTS UNITED HOME CARE OF NORTH ATLANTA, INC. and UNITED HOME CARE, INC. were subsidiaries or affiliates, or both, of UHS-PRUITT CORPORATION.

21.    At all relevant times, DEFENDANT UNITED HOME CARE OF NORTH ATLANTA, INC. was a subsidiary or affiliate, or both, of UNITED HOME CARE, INC.

22.    At all relevant times, PLAINTIFF and the Class Members were employed by a subsidiary or affiliate, or both, of UHS-PRUITT CORPORATION.

23.    At all relevant times, PLAINTIFF and the Class Members were employed by a subsidiary or affiliate, or both, of UNITED HOME CARE, INC.

### a. UHS-Pruitt Corporation Is
### Plaintiff's Employer and Joint Employer

24.     At all relevant times, PLAINTIFF and the Class Members were economically dependent on, and therefore employed and jointly employed by DEFENDANT UHS-PRUITT CORPORATION.

25.     At all relevant times, DEFENDANT UHS-PRUITT CORPORATION controlled the number of licensed practical nurses that could be hired at UNITED HOME CARE OF NORTH ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and subsidiaries of UHS-PRUITT CORPORATION, and had the authority to determine whether such employees should be disciplined or retained.  UHS-PRUITT CORPORATION required and administered drug tests of such employees seeking to work as licensed practical nurses, and determined whether an applicant was suitable for employment based on the test results. UHS-PRUITT CORPORATION conducted background checks on employees seeking to work as licensed practical nurses, and determined whether an applicant was suitable for employment based on the background check.

26.     At all relevant times, DEFENDANT UHS-PRUITT CORPORATION supervised licensed practical nurses that worked for UNITED HOME CARE OF NORTH ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and

6

subsidiaries of UHS-PRUITT CORPORATION.  UHS-PRUITT
CORPORATION wrote, developed, and distributed the employee handbook
containing the policies, procedures and guidelines that applied to such
licensed practical nurses, including the overtime policy.  UHS-PRUITT
CORPORATION assessed and resolved workplace grievances of such licensed
practical nurses, including complaints of discrimination, harassment, and
overtime violations.  UHS-PRUITT CORPORATION conducted new employee
orientation at its corporate office for such licensed practical nurses, including
training in employee policies, procedures, and guidelines, and training in the
job duties of licensed practical nurses.  UHS-PRUITT CORPORATION
conducted performance evaluations of such licensed practical nurses on a
regular basis, and a finding of deficiencies would result in discipline
including termination.

  27. At all relevant times, DEFENDANT UHS-PRUITT
CORPORATION directly and indirectly hired and fired licensed practical
nurses that worked for UNITED HOME CARE OF NORTH ATLANTA, INC.,
all affiliates and subsidiaries of UNITED HOME CARE, INC., and all
affiliates and subsidiaries of UHS-PRUITT CORPORATION.  UHS-PRUITT
CORPORATION developed the job descriptions and minimum requirements
for all licensed practical nurse positions, advertised and recruited for licensed
practical nurse positions on its corporate website, solicited and reviewed the

resumes of applicants seeking licensed practical nurse positions, interviewed

applicants, assessed the qualifications of such applicants who applied for a

job and determined whether to hire them, administered and paid for drug

testing of applicants and determined suitability of employment based on the

drug test, and made the final determination of employment of new applicants

based on the result of certain background checks. UHS-PRUITT

CORPORATION conducted performance evaluations of licensed practical

nurses on a regular basis, and a finding of deficiencies would result in

discipline including termination.

28.     At all relevant times, DEFENDANT UHS-PRUITT

CORPORATION determined the pay rates and methods of payment for

licensed practical nurses who worked for UNITED HOME CARE OF NORTH

ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE,

INC. and all affiliates and subsidiaries of UHS-PRUITT CORPORATION.

UHS-PRUITT CORPORATION trained and directed payroll specialists in its

affiliate and subsidiary companies to prepare payroll worksheets for each

licensed practical nurse and to calculate their compensation based on the

number of patient visits made by a licensed practical nurse at a specific

dollar rate per visit determined by UHS-PRUITT CORPORATION, and

based on a specific number of hours of clerical work per week performed by

the licensed practical nurse employee at a specific hourly rate determined by

UHS-PRUITT CORPORATION – although the total number of hours licensed practical nurse employees were paid for was less than the actual number of hours they worked.  UHS-PRUITT CORPORATION directed the payroll specialists to submit this information to UHS-PRUITT CORPORATION where paychecks were prepared and issued to each licensed practical nurse employee.  UHS-PRUITT CORPORATION also determined whether and how much each licensed practical nurse would be paid for training classes attended during his/her employment.  UHS-PRUITT CORPORATION also provided a 401K and profit sharing plan and a health insurance plan for employees of its affiliate and subsidiary companies, including licensed practical nurses.

29.    At all relevant times, DEFENDANT UHS-PRUITT CORPORATION prepared the payroll and payment of wages, and created and maintained personnel documents of licensed practical nurses who worked for UNITED HOME CARE OF NORTH ATLANTA, INC. all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and subsidiaries of UHS-PRUITT CORPORATION.  After receiving the payroll worksheets from payroll specialists in its affiliate and subsidiary companies, UHS-PRUITT CORPORATION prepared paychecks for such licensed practical nurses, and issued them to the employees.  UHS-PRUITT CORPORATION created and maintained the payroll records for such licensed

practical nurses, the administrative records for such licensed practical nurses including their hire and termination date and compensation received, and created and maintained other compensation records for such licensed practical nurse employees including those relating to the UHS-PRUITT CORPORATION 401(k) and profit sharing plan and health insurance plan.

30.    At all relevant times, DEFENDANT UHS-PRUITT CORPORATION owned the facilities where licensed practical nurses performed at least some of their job duties for UNITED HOME CARE OF NORTH ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and subsidiaries of UHS-PRUITT CORPORATION.  Licensed practical nurses received new employee training and orientation at the corporate office of UHS-PRUITT CORPORATION, and were trained during that time by UHS-PRUITT CORPORATION employees.

31.    At all relevant times, DEFENDANT UHS-PRUITT CORPORATION provided at least some of the equipment and professional expertise that licensed practical nurses were required to use to perform their job duties who worked for UNITED HOME CARE OF NORTH ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and subsidiaries of UHS-PRUITT CORPORATION.  UHS-PRUITT CORPORATION provided the employee handbooks containing the policies, procedures and guidelines that such licensed practical nurses were required

to follow, provided the patient treatment notes that such licensed practical nurses were required to follow in treating patients, and provided a medical director who reviewed and approved the patient treatment notes that such licensed practical nurses were required to follow.

32.     At all relevant times, licensed practical nurses who worked for UNITED HOME CARE OF NORTH ATLANTA, INC., all affiliates and subsidiaries of UNITED HOME CARE, INC., and all affiliates and subsidiaries of UHS-PRUITT CORPORATION, performed a job that was integral to the business of UHS-PRUITT CORPORATION.

### b. United Home Care, Inc. Is Plaintiff's Employer and Joint Employer

33.     At all relevant times, PLAINTIFF and the Class Members were economically dependent on, and therefore employed and jointly employed by DEFENDANT UNITED HOME CARE, INC.

34.     At all relevant times, DEFENDANT UNITED HOME CARE, INC. interviewed and hired individuals applying for the position of licensed practical nurse at UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC.

35.     At all relevant times, DEFENDANT UNITED HOME CARE, INC. disciplined and fired licensed practical nurse employees who worked for

UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC.

36.    At all relevant times, DEFENDANT UNITED HOME CARE, INC. supervised and provided direction on a daily basis to licensed practical nurse employees who worked for UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC.

37.    At all relevant times, DEFENDANT UNITED HOME CARE, INC. enforced the employee policies, procedures and guidelines as contained in the employee handbook issued by the UHS-Pruitt Corporation with respect to licensed practical nurses who worked for UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC.

38.    At all relevant times, DEFENDANT UNITED HOME CARE, INC. issued and enforced the employee policies, procedures and guidelines as contained in employee handbooks and documents created and issued by UNITED HOME CARE, INC. with respect to licensed practical nurses who worked for UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC.

39.    At all relevant times, DEFENDANT UNITED HOME CARE, INC. provided documents to licensed practical nurses who worked for

UNITED HOME CARE OF NORTH ATLANTA, INC., as well as all affiliates and subsidiaries of UNITED HOME CARE, INC., entitled "United Home Care Daily Activity Log" in which such employees were required to document their patient visits that was required for such employees to be compensated.

40.     At all relevant times, licensed practical nurses who worked for UNITED HOME CARE OF NORTH ATLANTA, INC. as well as all affiliates and subsidiaries of UNITED HOME CARE, INC., performed a job that was integral to the business of UNITED HOME CARE, INC.

### c. Plaintiff's Employment As A Team Assistant

41.     Throughout PLAINTIFF'S employment as a team assistant, she was paid at an hourly rate.

42.      Throughout PLAINTIFF'S employment as a team assistant, she was classified as a non-exempt employee for purposes of the FLSA.

43.     Throughout PLAINTIFF'S employment as a team assistant, her primary duties involved taking orders from her supervisor and processing paperwork.

44.     Throughout PLAINTIFF'S employment as a team assistant, her primary duties did not involve professional, administrative or managerial duties.

45.     Throughout PLAINTIFF'S employment as a team assistant, her primary duties conformed to a specific standard of conduct that did not involve the exercise of discretion and independent judgment.

46.     Throughout PLAINTIFF'S employment as a team assistant, she worked over 40 hours per week.

47.     Throughout PLAINTIFF'S employment as a team assistant, DEFENDANTS and DEFENDANTS' management were aware of the extra hours she worked each week in excess of 40 hours .

48.     Throughout PLAINTIFF'S employment as a team assistant, DEFENDANTS did not pay PLAINTIFF overtime compensation for work performed in excess of 40 hours in a workweek.

49.     Throughout PLAINTIFF'S employment as a team assistant, she was directed by her supervisor to submit time sheets showing she worked only 40 hours per week, even though PLAINTIFF'S supervisors were well aware that PLAINTIFF had worked more than 40 hours each week.

50.     Throughout PLAINTIFF'S employment as a team assistant, there is no evidence that the conduct of DEFENDANTS in failing to pay her proper overtime compensation was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

51.     Throughout PLAINTIFF'S employment as a team assistant, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by

failing to pay PLAINTIFF the overtime compensation to which she was entitled.

### d. Plaintiff's Employment As A Licensed Practical Nurse

52.     PLAINTIFF worked for DEFENDANTS as a licensed practical nurse from about January 2011 to October 2011.

53.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were classified as exempt employees and received no overtime wages.

54.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members on a daily basis visited patients in their home or at an assisted living facility.

55.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members on a daily basis, in addition to visiting patients, also performed office clerical work; attended office meetings; spent time traveling in their vehicle from the office to their patient appointments; spent time traveling in their vehicle between patient appointments; spent time traveling in their vehicle from their patient appointments to the office; and spent time performing clerical work at home or outside the office relating to each patient they visited.

56.     Throughout their employment as a licensed practical nurse, the primary duties of PLAINTIFF and the Class Members did not involve professional, administrative or managerial duties.

57.     Throughout their employment as a licensed practical nurse, the primary duties of PLAINTIFF and the Class Members conformed to a specific standard of conduct that did not involve the exercise of discretion and independent judgment.

58.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were not paid on a salary basis.

59.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were not paid solely on a fee basis.

60.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were paid by DEFENDANTS pursuant to a per visit/hourly basis hybrid compensation plan, which combines fee payments for some work and hourly compensation for other work.

61.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were paid by DEFENDANTS pursuant to an unlawful per visit/hourly basis hybrid compensation plan that abrogates any executive, professional or administrative exemption that might otherwise have applied to such employees.

16

62.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members were paid by DEFENDANTS a dollar amount for each patient visit they made.

63.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members additionally were paid by DEFENDANTS on an hourly rate basis for performing some duties, including office clerical work and/or attending office meetings.  However, DEFENDANTS did not pay PLAINTIFF and the Class Members: for *all* the time they spent performing office clerical work and attending office meetings; for their travel time from the office to their patient visits; for their travel time between patient visits; for their travel time from their patient visits to the office; or for their time spent completing clerical work at home or outside the office relating to each patient they visited.

64.     Throughout their employment as a licensed practical nurse, DEFENDANTS maintained a record of the actual time the PLAINTIFF and the Class Members spent for patient visits.

65.     Throughout their employment as a licensed practical nurse, DEFENDANTS did not properly record all hours worked by PLAINTIFF and the Class Members.

66.    Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members did not satisfy the FLSA professional, administrative or executive exemption test.

67.    Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members: did not manage employees; did not perform work requiring advanced knowledge; did not perform work requiring the consistent exercise of discretion and judgment; and did not perform work that required them to analyze, interpret, or make deductions from varying facts or circumstances.

68.    Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members performed routine and manual tasks, albeit those that required the training of a licensed practical nurse.

69.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members: observed, recorded, and reported the condition of patients including symptoms to a registered nurse or physician; administered treatment and medication to patients pursuant to specific directions from a registered nurse or physician; gave other patient care pursuant to specific directions from a registered nurse or physician; and attended meetings and completed clerical work relating to the services they provided to patients.

70.     Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members did not perform work involving knowledge customarily acquired by a prolonged course of specialized intellectual instruction.

71.     Throughout the employment of PLAINTIFF and the Class Members as a licensed practical nurse, possession of a specialized advanced academic degree was not a standard prerequisite to become a licensed practical nurse: all that was required was graduation from high school or its equivalent; and graduation from an approved nursing program, which involved no more and often less than two years of schooling.

72.     Throughout their employment as a licensed practical nurse, DEFENDANTS misclassified PLAINTIFF and the Class Members as exempt, despite the illegal hybrid compensation plan.

73.     Throughout their employment as a licensed practical nurse, DEFENDANTS misclassified PLAINTIFF and the Class Members as exempt, despite the fact that the PLAINTIFF and the Class members did not satisfy the FLSA executive, administrative, or professional exemption tests.

74.     At all relevant times, PLAINTIFF and the Class Members have been subject to same policies, procedures, practices, and guidelines of DEFENDANTS.

75.    Throughout their employment as a licensed practical nurse, PLAINTIFF and the Class Members worked over 40 hours per week.

76.    Throughout the employment of PLAINTIFF and the Class Members as a licensed practical nurse, DEFENDANTS and DEFENDANTS' management were aware of the extra hours PLAINTIFF and the Class Members worked each week in excess of 40 hours.

77.    Throughout the employment of PLAINTIFF and the Class Members as a licensed practical nurse, DEFENDANTS did not pay PLAINTIFF and the Class Members overtime compensation for work performed in excess of 40 hours in a workweek.

78.    Throughout the employment of PLAINTIFF and the Class Members as a licensed practical nurse, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

79.    Throughout the employment of PLAINTIFFS and the Class Members as a licensed practical nurse, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF and the Class Members the proper overtime compensation and other compensation to which they are entitled.

### *Collective-Action Allegations*
### *Pursuant to 29 U.S.C. § 216(b)*

80.     PLAINTIFF seeks to bring all claims arising under the FLSA on behalf of herself individually and all other similarly situated employees of the DEFENDANTS who worked as a home health care licensed practical nurse in any pay period falling within three chronological years immediately preceding the date on which this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

81.     PLAINTIFF and the Class Members seek unpaid overtime wages, liquidated damages, and prejudgment and postjudgment interest.

82.     PLAINTIFF and the Class Members, as defined above in ¶ 11, are similarly situated.  PLAINTIFF and the Class Members worked for DEFENDANTS as home health care licensed practical nurses performing similar job duties at DEFENDANTS' locations, and were subject to similar job requirements, similar policies and procedures, and the same per visit/hourly basis hybrid compensation plan – which combines fee payments for some work and hourly compensation for other work.

83.     DEFENDANTS misclassified home health care licensed practical nurses as exempt employees.

84.     DEFENDANTS intentionally misclassified home health care licensed practical nurses as exempt employees.

85.     DEFENDANTS misclassified PLAINTIFF and the Class Members as exempt employees.

86.     DEFENDANTS intentionally misclassified PLAINTIFF and the Class Members as exempt employees.

87.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that misclassified home health care licensed practical nurses as exempt employees.

88.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that involved paying them pursuant to a per visit/hourly basis hybrid compensation plan, which combines fee payments for some work and hourly compensation for other work.

89.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that involved paying them pursuant to an unlawful per visit/hourly basis hybrid compensation plan, which combines fee payments for some work and hourly compensation for other work.

90.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that required or permitted them to

perform uncompensated work for the benefit of DEFENDANTS in excess of 40 hours per workweek.

91.     DEFENDANTS required PLAINTIFF and the Class Members to work more than 40 hours during each week without compensating these employees at one and a half times the regular rate of pay.

92.     PLAINTIFF and the Class Members were not paid proper overtime compensation as required by 29 U.S.C. § 207 for any weekly pay period in which they were employed by DEFENDANTS as home health care licensed practical nurses.

## CLAIMS AGAINST THE DEFENDANTS

### *Count 1 – 29 U.S.C. § 207*
### (Overtime Compensation Due Under the FLSA
### During the Period Plaintiff Worked As A Team Assistant)

93.     PLAINTIFF re-alleges paragraphs 1-51 above and incorporates them by reference as if fully set forth herein.

94.     By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF during the period she worked as a team assistant in failing to pay her wages at a rate of 1.5 times her regular rate, for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

95.     By engaging in the above-described conduct, DEFENDANTS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

96.     Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANTS' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

97.     As a direct and proximate result of DEFENDANTS' conduct alleged above in ¶¶ 1-51, and incorporated as if fully set forth, PLAINTIFF has lost wages.

98.     As a direct and proximate result of DEFENDANTS' FLSA violations as alleged in this Count 1, PLAINTIFF is entitled to recover from DEFENDANTS her unpaid overtime compensation and an equal amount in the form of liquidated damages, prejudgment and postjudgment interest, as well as reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### ***Count 2 – 29 U.S.C. § 207***
**(Overtime Compensation Due Under the FLSA
During The Period Plaintiff And The Class Members Worked As A
Licensed Practical Nurse)**

99.     PLAINTIFF re-alleges paragraphs 1-40 and 52-92 above and incorporates them by reference as if fully set forth herein.

100.   By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF and the Class Members in failing to pay them wages at a rate of 1.5 times their regular rate, for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

101.   By engaging in the above-described conduct, DEFENDANTS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF and the Class Members, all in violation of 29 U.S.C. § 255..

102.   Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANTS' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

103.   As a direct and proximate result of DEFENDANTS' conduct alleged above in ¶¶ 1-40, 52-92, and incorporated as if fully set forth, PLAINTIFF and the Class Members have lost wages.

104.   As a direct and proximate result of DEFENDANTS' FLSA violations as alleged in this Count 2, PLAINTIFF and the Class Members are entitled to recover from DEFENDANTS their unpaid overtime compensation and an equal amount in the form of liquidated damages, prejudgment and postjudgment interest, as well as reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1.      Issue a declaratory judgment that DEFENDANTS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and the Class Members, as authorized by 28 U.S.C. § 2201;

2.  Require DEFENDANTS to pay PLAINTIFF and the Class Members for lost compensation including applicable overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF and the Class Members would have received but for DEFENDANTS' unlawful conduct;

3.  Require DEFENDANTS to pay PLAINTIFF and the Class Members liquidated damages as provided for under the FLSA, plus prejudgment and postjudgment interest;

4.  Award PLAINTIFF and the Class Members their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the FLSA;

5.  Permit a trial by jury on all issues so triable; and

6.   Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell  Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

Diane Cherry
Georgia Bar No. 123391
THE CHERRY LAW FIRM, P.C.
1301 Shiloh Road
Kennesaw, Georgia 30144
(770) 444-3399
(770) 444-3376 (facsimile)
cherrylaw@mindspring.com

*Counsel for the Plaintiff and Putative Class*

27