IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATHY REECE, on behalf of herself and all those similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:12-CV-2070-RWS |
| v. | : : | |
| UNITED HOME CARE OF NORTH ATLANTA, INC., UNITED HOME CARE, INC., and UHS-PRUITT CORPORATION a/k/a PRUITT CORPORATION, | : : : : : : | |
| Defendants. | : | |

**ORDER**

This case is before the Court on Plaintiff's Motion for Conditional Collective-Action Certification and Notice to the Class [21]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff Cathy Reece worked for Defendants as a licensed practical nurse ("LPN") from about January 2011 to October 2011. (Complaint, Dkt. [1] ¶ 52.) Plaintiff alleges that she worked more than 40 hours per week throughout her employment as an LPN, but did not receive overtime compensation. (Id. ¶¶ 75-

77.) The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, requires employers to pay time-and-a-half for hours worked by a non-exempt employee in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Plaintiff alleges that she and other LPNs were paid by Defendants pursuant to a per visit/hourly basis hybrid compensation plan which combines fee payments for some work and hourly compensation for other work. Complaint, Dkt. [1] ¶ 60.) That hybrid compensation plan, according to Plaintiff, abrogates any executive, professional or administrative exemption that might have otherwise applied to such employees. (Id. ¶ 61.) Therefore, Plaintiff alleges, she and other LPNs were improperly classified as exempt employees not entitled to overtime wages. (Id. ¶ 53.)

Plaintiff brings this action under the FLSA on behalf of herself and others similarly situated for unpaid overtime compensation, liquidated damages, prejudgment and postjudgment interest, reasonable expenses of litigation and attorneys fees. (Id., Nature of the Claim.) The class Plaintiff seeks to represent is composed of:

> All home health care licensed practical nurses
> employed by Defendants United Home Care of North
> Atlanta, Inc., United Home Care, Inc. or UHS-Pruitt

2

> Corporation at any location, during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who were not paid proper overtime compensation required by federal law.

(Id. ¶ 11.) To date, two opt-ins have filed consents to join this action. (Notice of Filing Consent to Join Collective Action, Dkt. [3].) Plaintiff seeks to have the class conditionally certified and notice sent to putative class members.

## Discussion

### I.   Legal Standard for Conditional Collective-Action Certification

The FLSA authorizes collective actions, stating:

> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b). This Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

3

The Eleventh Circuit suggests a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." Hipp, 252 F. 3d at 1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id.

This case is before the Court for the first determination of class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, courts should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are

4

other employees who wish to opt-in to the action. Dybach v. State of Fla. Dept. of Corr.s, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

## II.     Analysis

### A.     Similarity of employment positions of putative class members

Plaintiff bears the burden of establishing that she is similarly situated with the group of employees she wishes to represent. Grayson, 39 F.3d at 1096. The burden on Plaintiff, however, is not a heavy one.  As noted above, the standard is fairly lenient and Plaintiff is not required to prove that she and the putative class members held identical positions, but only similar positions. See Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1095-96 (holding that "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance).  "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage." Scott v. Heartland Home Fin., Inc., No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

Plaintiff asserts that she and the opt-in plaintiffs are similarly situated to each other and the putative class because they are all United Home Care

("UHC") LPNs with the same job duties.  (Plaintiff's Brief in Support of Motion for Conditional Certification and Notice to the Class ("Pl.'s Br."), Dkt. [21-1] at 14.)  They all visited patients in their homes or at assisted living facilities on a daily basis, performed office clerical work, and attended office meetings. (Complaint, Dkt. [1] ¶¶ 54-55.)[1]  As LPNs, their primary duties did not involve professional, administrative or managerial duties.  (Id. ¶ 56.) Furthermore, they were all classified as exempt, fee-per-visit workers and, as a result, did not receive compensation for the overtime hours they worked in excess of 40 hours per week. (Pl.'s Br., Dkt. [21-2] at 14.)  They were all paid pursuant to a per visit/hourly basis hybrid compensation plan, which combines fee payments for some work and hourly compensation for other work. (Complaint, Dkt. [1] ¶ 60.)[2]

Defendants disagree that Plaintiff and the putative class are similarly situated.  First, they argue that the Court may not rely on the declarations of third-party witnesses Kimberly Sparrow [21-3] and Mary Howard [21-2] to

---

[1] See also Declarations of Cathy Reece (Plaintiff) [21-4], Lawrence J. Russell (Opt-in) [21-5], and Teresita Small (Opt-in) [21-6] (describing job functions as licensed practical nurses similar to those described in the Complaint).

[2] See also Declaration of Rita Southworth, Dkt. [34-1] at ¶ 6 (describing company-wide job duties of LPNs and company's hybrid method of paying LPNs).

6

show similarity because those witnesses repudiated their initial testimony when they later testified that they "did not know" or "could not recall" various details about their prior statements regarding LPN job functions and Defendants' pay policies. (Defendants' Response to Plaintiff's Motion for Conditional Certification and Notice to the Class ("Def.s' Resp."), Dkt. [34] at 10-12.) Second, they assert that "[o]ver 75% of the currently employed members of the putative class (as defined by Plaintiff), and approximately 50% of all members of the putative class, have voluntarily agreed to resolve any employment-related disputes with Defendants through arbitration and have voluntarily waived their right to participate in a class or collective action." (Id. at 1.) They argue that the agreement between these putative class members and Defendants prevent those individuals from participating in this collective action. Therefore, Defendants claim, "Plaintiff is not similarly situated to those who must resolve their claims through arbitration and who have waived their right to participate in a collective action." (Id. at 2.)

    Plaintiff responds that Howard and Sparrow did not recant their prior testimony because a present lack of recollection or knowledge does not amount to recantation. (Plaintiff's Reply in Support of Conditional Certification ("Pl.'s

7

Reply"), Dkt. [40] at 3-10.)  Furthermore, she argues, Defendants' own evidence – the Declaration of Rita Southworth, Vice-President for Home Care at UHS-Pruitt Corporation [34-1] – shows that Plaintiff is similarly situated to the putative class.  (Id. at 11-12.)  Finally, Plaintiff counters that Defendants' new dispute resolution policy ("DRP") is not a contract under Georgia law and therefore not enforceable under the Federal Arbitration Act.  (Plaintiff's Reply in Support of Conditional Certification ("Pl.'s Reply"), Dkt. [40] at 12.)  Consequently, Plaintiff argues, all current LPNs remain putative class members. (Id.)

The Court finds that it need not decide the DRP dispute between the parties at this stage.  At the notice stage, the Court considers whether Plaintiff is similarly situated to the putative class in terms of job position and pay policies. Consideration of evidence beyond the pleadings and affidavits, and other factual matters are reserved for later in the process.

To show that she is similarly situated to the putative class in terms of duties and pay, Plaintiff points to her Complaint and declaration, and declarations filed by the opt-ins, third-party witnesses Sparrow and Howard, and Rita Southworth.  The declarations of Plaintiff, the opt-ins, and Southworth

8

describe similar job functions for LPNs working for Defendants and the same pay policies for LPNs.  Defendants challenge the veracity of the initial declarations made by Sparrow and Howard in light of subsequent statements by each of them that they "do not know" or "do not recall" information about LPN job duties or pay policies.  (See generally, Second Declarations of Mary Howard [34-5] and Kimberly Sparrow [21-3].)

The Court is disinclined to deny conditional certification based on Defendants' questionable claim that Sparrow and Howard "recanted" their initial testimony.  Indeed, "[a]t the notice stage, . . . the Court need not engage in credibility determinations; instead the Court must determine only whether Plaintiff has presented sufficient – not factually correct – evidence that the putative class members and Plaintiff are 'similarly situated.'"  Bennett v. Advanced Cable Contractors, Inc., No. 1:12-CV-1115-RWS, 2012 WL 1600443, at *14 (N.D. Ga. May 7, 2012).  Furthermore, the Court finds that even without the declarations of Sparrow and Howard, Plaintiff has put forth sufficient evidence of similarity between her, the opt-ins and the putative class to satisfy the lenient standard for conditional certification.

9

B.     **Sufficiency of Interest by other Employees in the Lawsuit**

In addition to showing that she is similarly situated to the putative class, Plaintiff must also demonstrate that other employees wish to opt-in to the action before this Court may grant conditional certification. Dybach, 942 F.2d at 1567-68. "Notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." Delano v. Mastec, Inc., No. 8:10-CV-320-T-27MAP, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011) (emphasis in original). So far, two opt-in plaintiffs have joined this suit, Lawrence J. Russell [3-1] and Teresita Small [3-2].

Plaintiff, Mr. Russell and Ms. Small worked as LPNs at United Home Care of Cobb in Austell, Georgia ("UHC-Cobb"). Defendants argue that two opt-ins from the UHC-Cobb facility does not show sufficient interest in the lawsuit to warrant a class certification covering individuals from thirteen UHC facilities in Georgia and North Carolina. (Def.s' Resp., Dkt. [34] at 18-19.) Defendants emphasize that Plaintiff has had 14 months since she and the opt-in employees signed their consents, and she has not identified anyone outside of the UHC-Cobb facility who desires to opt-in to the case. (Id. at 18.) However, the Court finds that Defendants place too much emphasis on the lack of

10

geographic diversity between Plaintiff and the opt-ins.  Demonstrating interest from individuals in several facilities, states, or regions is not a requirement for conditional class certification.  Plaintiff must show that *others* desire to opt-in.

In Riddle v. Suntrust Bank, No. 1:08-CV-1411-RWS, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2008), this Court found that the named plaintiff and three opt-ins (collectively representing three facilities in Georgia, Tennessee, and Florida) demonstrated a sufficient showing of interest to conditionally certify a class covering 1700 SunTrust bank locations across the entire Southeast region.  Like Defendants here, the defendants in Riddle argued that three opt-ins were not sufficient "given the length of time since Plaintiff filed [the] suit, the existence of a previous action against Defendant concerning similar employees, and Plaintiff's efforts to publicize the existence of the suit." We disagreed with the defendants in Riddle, stating: "Since actual notice has not been sent to putative class members who may be spread over a wide geographic area, the Court is satisfied that three opt-in plaintiffs at this point sufficiently demonstrates an interest by other employees to opt-in to the suit." Id.  In other words, the fact that the *putative class* may be spread over a wide geographic area lent to the conclusion that the interest shown was sufficient.

11

Here, Plaintiff seeks to represent a putative class covering thirteen locations, not 1700. Furthermore, the declaration of Rita Southworth, an executive with UHS-Pruitt Corporation who is not affiliated with any particular state or facility within Defendants' area of operation, suggests that LPN job functions and pay policies are consistent across UHC locations. (See Declaration of Rita Southworth, Dkt. [34-1] ¶ 6 (describing "job duties of *a UHC home health LPN*" and how "*home health LPNs*" are paid) (emphasis added).) Her statement indicates that the LPNs at UHC-Cobb are indeed similarly situated to LPNs at a dozen or so other facilities operated by Defendants. Thus, the importance of geographic diversity among the opt-ins is diminished even further.

Again, based on the lenient standard at the notice stage, the Court is satisfied that Plaintiff has demonstrated sufficient interest by others to join the litigation.

### C.   Defendants as Joint Employers

Plaintiff argues that she and the putative class are similarly situated as to UHS-Pruitt and UHC as joint employers. (Pl.'s Br., Dkt. [21-1] at 23.) However, as Plaintiff notes, determining whether a defendant is a joint

12

employer for purposes of FLSA liability is not appropriate at the notice stage for conditional certification.  See Johnson v. VCG Holding Corp., 802 F. Supp. 2d 227, 239 (D. Me. July 25, 2011) (issues relating to liability as a joint employer "are properly reserved for dispositive motions or for the second stage of the class certification process").  Defendants have not challenged conditional certification on the grounds that they are not joint employers.  Therefore, the Court need not take up this issue for purposes of the motion before it.

### D.     Proposed Notice

Defendants challenge Plaintiff's Proposed Notice to Class [21-19] and Proposed Opt-in Consent Form [21-20] (together, the "Notice") on grounds that the Notice would include individuals whose claims are barred by the relevant statute of limitations.  (Def.s' Resp., Dkt. [34] at 22-24.)  Plaintiff's proposed Notice includes all LPN employees at any UHC location who worked for UHC "at any time from June 15, 2009 to the date of this Court's conditional certification Order."  (Notice, Dkt. [21-19] at 3 & Dkt. [21-20] at 1.) Defendants argue that the proper date to be used is three years prior to the date the Notice is actually issued, not three years prior to the filing of the Complaint. (Def.s' Resp. Br., Dkt. [34] at 24.)  The Court agrees with Defendants.

13

AO 72A
(Rev.8/82)

The statute of limitations for actions brought under the FLSA is two years, or three years for willful violations.  29 U.S.C. § 255.  The FLSA provides that a collective action "shall be considered to be commenced in the case of any individual claimant–

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear–on the subsequent date on which such written consent is filed in the court in which the action was commenced."

29 U.S.C. § 256.  Under the plain language of this provision, "opt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996).  Thus, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim." Id. at 1107.

Under the plain language of § 256 of the FLSA, the statute of limitations is tolled as to the claims of a putative opt-in plaintiff only when the plaintiff has opted-in to the suit by filing a written notice of consent.  Indeed, the Eleventh

14

AO 72A
(Rev.8/82)

Circuit has explained that the FLSA statute of limitations evinces Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." Grayson, 79 F.3d at 1107 (citation omitted). See also Ramos-Barrientos v. Bland, No. 606CV089, 2009 WL 3851624, at *3 (S.D. Ga. Nov. 17, 2009) ("Plaintiffs contend that the statute of limitations was tolled for all 'similarly situated' [putative plaintiffs] once the five named plaintiffs filed this suit. This contention is simply incorrect. Under § 216(b), only written consent to opt-in will toll the statute of limitations of an opt-in plaintiff's cause of action.") (internal quotation marks and citations omitted).

Based on the foregoing, the Court agrees that Notice should be limited to LPNs employed by UHC at any UHC facility from [3 years prior to the Notice mailing date] to [the Notice mailing date]. See, Simpkins v. Pulte Home Corp., No. 6:08-CV-130-Orl-19DAB, 2008 WL 3927275, at * 9 n.9 (M.D. Fla. Aug. 21, 2008) (authorizing notice to those employed within last three years from the date of mailing of notice and explaining: "Because the statute of limitations runs until the written opt-in notice is filed with the Court, 29 U.S.C. § 256, it is

15

prudent to calculate the notice period from the latest possible date."). Defendants indicate that they will stipulate to this change in the Notice. (See Def.s' Resp., Dkt. [34] at 24.)

The Court **DIRECTS** Plaintiff to modify the Notice to reflect the adjusted time frame. The Court further **DIRECTS** Plaintiff to modify the Notice by adding a section:

### 8.   FURTHER INFORMATION

Further information about this lawsuit or this Notice can be obtained by contacting Plaintiff's counsel at the address or telephone number provided above.

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Conditional Collective-Action Certification [21] and **DIRECTS** Plaintiff to revise the Proposed Notice to Class [21-19] and Proposed Opt-In Consent Form [21-20] to comply with Part II.D of this Order.

Defendants are **ORDERED** to provide Plaintiff with the names, addresses, and last four digits of social security numbers for all putative class members within twenty days of the date of this Order.

16

**SO ORDERED**, this 7th day of March, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE